PARKER v. DENNETT SURPASSING COFFEE CO.

(Supreme Court, Appellate Term. December 28, 1899.)

JUDGMENT—JURISDICTION OF PARTIES—RESIDENCE.
    A record containing neither averment nor proof of defendant's residence does not show jurisdiction of the municipal court, and will not sustain a judgment.

Appeal from municipal court, borough of Manhattan, First district.

Action by Robert B. Parker against Dennett Surpassing Coffee Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Lucius A. Waldo, for appellant.

Henry H. McCorkle, for respondent.

PER CURIAM. The record contains neither averment nor proof of the defendant's residence. This defect is jurisdictional, and the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to appellant to abide event.

---

REILLY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. December 28, 1899.)

STREET RAILROADS—NEGLIGENCE.
    Plaintiff, who was driving towards a crossing at a rate of 7 or 8 miles per hour, saw a car approaching about 150 or 200 feet away. He drove on, thinking to pass before it, and did not slacken speed or look up again until his companion said, "Look out!" when he saw the car within a foot of his hind wheel. The collision complained of followed. *Held*, that the complaint was properly dismissed.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Michael Reilly against the Metropolitan Street-Railway Company. From a judgment in favor of defendant, dismissing the complaint, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Hatch & Wickes, for appellant.

Henry A. Robinson, for respondent.

MacLEAN, J. Driving easterly on 121st street, at a smart pace, between 7 and 8 miles an hour, the plaintiff, as he approached Second avenue, saw a car about 150 or 200 feet away,—three elevated pillars away,—coming south at 12 miles an hour. Thinking he could pass before it, he drove right on, without slackening his speed or looking again, until his companion said, "Look out!" and then he saw the car within about a foot of his hind wheel, and there fol-

61 N.Y.S.—50

lowed the collision of which he complains. Although his statement of distances may seem inaccurate to any one who ever passed titles in New York, the testimony of the plaintiff shows clearly enough that what happened, happened where the parties had similar rights and similar duties,—happened, too, at least, as much through the heedlessness of the plaintiff as of the servant of the defendant; for, as he said, he would have made no mistake if the motorman had turned off the current, and if he himself had stopped he would have avoided the collision. The complaint was rightly dismissed by the learned justice, and the judgment should be affirmed.

Judgment affirmed, with costs.

FREEDMAN, P. J., concurs in the result. LEVENTRITT, J., taking no part.